IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-255-FL

| | | |
|---|---|---|
| OREN E. SMITH, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER and** |
| | ) | **MEMORANDUM and** |
| SOCIAL SECURITY DISABILITY | ) | **RECOMMENDATION** |
| ADMINISTRATION and SOCIAL | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff Oren E. Smith, III ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* 1st Public D.E. dated 15 June 2015). Also before the court is plaintiff's motion for appointment of counsel, which was referred pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Public D.E. dated 16 June 2015). For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis*, but recommend that this case be dismissed and that the motion for appointment of counsel be denied as moot.

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION

## I. BACKGROUND

Plaintiff's complaint (D.E. 1-1) consists of a four-page complaint form completed in handwriting. Plaintiff names as defendants "Social Security Disability Administration" and "Social Services." (*See* Compl. 1). Although the precise claim that plaintiff is attempting to assert is difficult to discern, it appears that he is seeking a determination that he is disabled due to a seizure condition. Specifically, he states: "Me Oren E. Smith, III being able to have social security for my Dilanten medication for my seizures. Can't work tryed 3 years ago ended up in the hospital." (*Id*. at 2 (text unaltered from original)). As a basis for jurisdiction, plaintiff states: "Wake County Social Security disability payment." (*Id*.).

## II. APPLICABLE LEGAL STANDARDS

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187,

190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336-37 (1895). The

3

burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III. REVIEW OF PLAINTIFF'S COMPLAINT FOR FRIVOLITY

Although plaintiff appears to be seeking an award of disability insurance benefits and/or supplemental security income on the grounds that he is disabled, he has not alleged that he previously applied for Social Security benefits and was denied. The apparent absence of prior administrative action on plaintiff's claim for disability is fatal to it. The Social Security Act provides for judicial review only after a final decision by the Commissioner of Social Security:

> Any individual, *after any final decision of the Commissioner of Social Security* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). A claim for benefits brought without exhaustion of administrative remedies is subject to dismissal for lack of subject matter jurisdiction. *See, e.g., Cano v. Cmm'r of Soc. Sec.*, No. 8:10-2400, 2010 WL 4780056, at *2-3 (D.S.C. 21 Sept. 2010) (plaintiff's failure to exhaust administrative remedies before the Commissioner of Social Security on a claim for disability benefits deprived the court of subject matter jurisdiction), *rept. & recomm. adopted by* 2010 WL 4774775, at *1 (16 Nov. 2010). This case should accordingly be dismissed.

## IV. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

In light of the court's recommendation that this case be dismissed, it further recommends that plaintiff's motion for appointment of counsel be denied as moot.[1]

## V. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that plaintiff's motion (D.E. 3) for appointment of counsel be DENIED AS MOOT.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel.  Each party shall have until 12 October 2015 to file written objections to the Memorandum and Recommendation.  The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions.  *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review.  In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the**

---

[1] Although this motion was referred for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), because the court's decision on the motion is dependent on the adoption by the presiding district judge of the court's recommendation of dismissal, the court is making only a recommendation regarding this motion.

**Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after the filing of objections.

SO ORDERED, this 28th day of September 2015.

James E. Gates
United States Magistrate Judge